UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTOINETTE A. LEWIS** | **CIVIL ACTION** |
| **VERSUS** | |
| **DOLGENCORP, INC., known as** <br> **New Roads Dollar General Store 2685** <br> **also known as Dollar General Corp.** <br> **and XYZ INSURANCE COMPANY** | **NO. 08-160-B-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, May 7, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ANTOINETTE A. LEWIS**                                                  **CIVIL ACTION**

**VERSUS**

**DOLGENCORP, INC., known as**                                            **NO. 08-160-B-M2**
**New Roads Dollar General Store 2685**
**also known as Dollar General Corp.**
**and XYZ INSURANCE COMPANY**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Remand (R. Doc. 6) filed by plaintiff, Antoinette A. Lewis ("Lewis"). Defendant, Dolgencorp, Inc. ("Dolgencorp"), has filed an opposition (R. Doc. 8) to Lewis' motion.

## FACTS & PROCEDURAL BACKGROUND

On February 28, 2008, Lewis filed this suit in the 18th Judicial District Court, Parish of Pointe Coupee, alleging that, on March 5, 2007, she sustained injuries when she slipped and fell over a "concentration of objects," including a bottle of glue, situated in the center of an aisle of the New Roads Dollar General Store in Pointe Coupee Parish. As a result of the incident, Lewis contends that she sustained the following injuries and damages: (1) physical pain and suffering, past and future; (2) medical expenses, past and future; (3) mental anguish and distress, past and future; (4) loss of enjoyment of life; and (5) loss of wages, past and future.

On March 17, 2008, Dolgencorp removed Lewis' action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §§1441 and 1447. Lewis has now filed the present motion, seeking to have this matter remanded to state

1

court because, in removing this case, Dolgencorp merely relied upon plaintiff's failure to stipulate in her state court petition that her claims are worth less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893, which is insufficient to establish diversity jurisdiction, and because Dolgencorp has not produced any evidence demonstrating that plaintiff's damages are likely to exceed $75,000.00, exclusive of interest and costs.

## **LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy:  (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[1]  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  All doubts and uncertainties regarding

---

[1] It is undisputed that the parties in this matter are citizens of different states; thus, the only issue herein is whether the requisite amount is in controversy for purposes of diversity jurisdiction.

federal jurisdiction must be resolved in favor of remand.  *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000).  Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by:  (1) showing state procedural rules binding the plaintiff to his/her pleadings;[2] or (2) filing a binding stipulation or affidavit to that effect with the complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Looking solely at the allegations in Lewis' petition, it is ambiguous as to whether or not her damages in this matter will exceed $75,000.00, exclusive of interest and costs.  Lewis has not prayed for a state court jury trial so it is not even clear to the Court, based upon her allegations, whether her damages will exceed $50,000.00.[3]  Furthermore, the list of damages contained in the petition simply provides the usual and customary damages set forth by personal injury plaintiffs and does not provide the Court with any guidance as to the actual monetary amount of damages Lewis has or will incur in this matter.  The Court

---

[2] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

[3] *See*, La.C.C.P. art. 1732, which provides that a state trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,000.00, exclusive of interest and costs.

also finds that Lewis' failure to stipulate in her state court petition that her damages are worth less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 alone is insufficient to establish that diversity jurisdiction exists herein.  All three U.S. District Courts in Louisiana have reached that conclusion.  *See, Weber v.* Stevenson, 2007 WL 4441261 (M.D.La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 is entitled to "some consideration," it is not, in and of itself, determinative of the amount in controversy.  A finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable).[4]  Accordingly, it is not "facially apparent" from Lewis' petition that her damages in this matter are likely to exceed the jurisdictional minimum.

Because the jurisdictional amount is not "facially apparent" from the petition, the Court must next consider whether Dolgencorp has met its burden of proving, through summary judgment-type evidence, that the requisite amount is in controversy in this matter for purposes of diversity jurisdiction.  In its opposition to Lewis' motion to remand filed on

---

[4] *See also, Lilly v. Big E Drilling Co.*, 2007 WL 2407254 (W.D.La. 2007)(If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff in failing to include an allegation that his/her damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 cannot give rise to presumptive federal jurisdiction or satisfy the defendant's burden of proving, through allegations of fact or record evidence, that the amount in controversy requirement is met); *Berthelot v. Scottsdale Insurance Co. of Arizona*, 2007 WL 716126 (E.D.La. 2007)("[I]n light of the requirement that this Court strictly construe the jurisdictional statutes and resolve ambiguities in favor of remand, the Court disagrees that the silence of the petition [in failing to plead the lack of federal jurisdiction in accordance with La.C.C.P. art. 893] creates federal jurisdiction").

April 29, 2008, Dolgencorp discusses Lewis' deposition testimony in this matter and contends that such testimony regarding her injuries and medical treatment is sufficient to satisfy its burden of proving that her damages are likely to exceed the jurisdictional minimum. Dolgencorp, however, failed to attach a copy of Lewis' deposition to its opposition, even though it indicated it would do so. The deadline for filing an opposition to Lewis' motion expired on May 1, 2008, and the record still has not been supplemented by Dolgencorp with a copy of Lewis' deposition testimony or any other summary judgment-type evidence. Accordingly, Lewis' motion to remand should be granted on that ground.

    Furthermore, even assuming Dolgencorp had supplemented the record with a copy of Lewis' deposition and assuming such testimony is consistent with the representations made by Dolgencorp as to that testimony, the Court nevertheless finds that the testimony would be insufficient to sustain Dolgencorp's burden of proving, by a preponderance of the evidence, that $75,000.00 is in controversy in this matter. According to Dolgencorp's representations in its opposition, Lewis testified to the following facts during her deposition. She testified that she injured her wrist and back as a result of the incident in question. On the day following the incident, she went to the emergency room at Pointe Coupee General Hospital, at which time her wrist was x-rayed. No fractures were identified on her wrist x-ray, and she was diagnosed with a wrist sprain. Her wrist was splinted, and she was told to use a heating pad for her back pain.

    Lewis testified that she subsequently went to the emergency room a second time. During that visit, her wrist was x-rayed, and she was again diagnosed with a wrist sprain. Her splint was removed, and her wrist was wrapped in an ace bandage. Lewis then saw a chiropractor, Dr. Latresia Broussard, within one to two months following the incident

5

because her wrist and back were still causing her pain. Dr. Broussard performed chiropractic manipulations on Lewis' back but used less aggressive treatment on Lewis' wrist. Lewis recalled Dr. Broussard telling her that she should have an MRI performed on her wrist; however, Lewis indicated she could not afford the MRI at the time because she did not have insurance. Lewis testified that she saw Dr. Broussard one more time shortly before she moved back to New Orleans in May 2007. At that time, Lewis' back pain had lessened, but she felt a sensation "like something [was] crawling under [her] skin." She still had motion problems and pain in her wrist.

According to Lewis, her next treatment occurred in late October 2007 or early November 2007 at the University Hospital emergency room (a state-run charity facility) in New Orleans, at which time she was referred to the hospital's orthopedic clinic. During her first visit at the University orthopedic clinic, Lewis underwent further x-rays. She contends that she was told by the orthopedist during that first visit that her x-rays revealed a possible healed break in the wrist and that the break had healed in such a way that bone was up against a tendon, causing her radiating pain. Lewis was placed in a half cast for the wrist, which she believes she wore until early January 2008. She testified that she removed the cast herself because none of the physicians were at the clinic when she presented to have the cast removed.

Lewis testified that she went back to the University orthopedic clinic for a second visit at the end of January 2008, at which time she saw a different orthopedic specialist than during her first visit. She indicated that, at the time of that second visit, her wrist was feeling "better," but her grip and range of motion were not the same. Additional x-rays were performed, but she claims the physician "could not see anything" and did not see evidence

6

of any kind of healed fracture.  The second orthopedist opined that Lewis' problems could be attributable to carpel tunnel syndrome and offered her the option of a carpel tunnel release procedure.

Per Lewis' testimony, she returned to the University orthopedic clinic a third time and saw a different specialist than she had seen during her first two visits.  She testified that the third orthopedist simply looked at the notes from her second visit and asked her if she had made a decision as to whether or not she wanted to undergo the carpel tunnel release procedure, to which Lewis responded that she did not.  Lewis indicated that she had one more appointment scheduled at the University orthopedic clinic for April 9, 2008; however, she did not go back for that visit. She stated that she is waiting to qualify for health insurance through her current employer, which will likely occur in June 2008, and after she qualifies, she plans to go to a private orthopedic specialist to find out what is wrong with her wrist.

During her deposition, Lewis described the symptoms relating to her wrist as a "jabbing type" pain that is "like pins stabbing," which extends from the base of her thumb down her arm approximately four to five inches.  Such pain is continuing and causes her to have difficulty gripping or lifting anything of substantial weight with her right hand.  As to her lower back, Lewis testified that she still has occasional muscle spasms and "tingling" in her back, which occur mostly when she stands or sits for a long time without alternating. She does not have radicular back symptoms however.

Based solely upon the above representations as to Lewis' deposition testimony and the fact that Lewis did not stipulate in her state court petition that her damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893, Dolgencorp

7

contends that it has met its burden of proving that the amount in controversy in this matter is likely to exceed $75,000.00, exclusive of interest and costs.  The Court disagrees.  While Dolgencorp has certainly established plaintiff's *contentions* as to the nature of her injuries, it has failed to come forward with any competent medical evidence substantiating those contentions and any Louisiana jurisprudence indicating that plaintiffs with the same or similar injuries to that of Lewis have been awarded in excess of $75,000.00 in damages.

Furthermore, although Dolgencorp asserts that plaintiff's mere allegations of past, present, and future medical expenses and lost wages, along with her other alleged damages, are sufficient to establish that the jurisdictional amount is satisfied, it has failed to provide any evidence whatsoever demonstrating the total amount of plaintiff's medical expenses to date or any indication as to the potential amount of her future medical expenses and lost wages claims.[5]  Without such information, the Court cannot conclude that the amount of plaintiff's damages is likely to exceed the jurisdictional minimum.[6]  Accordingly, Lewis' motion to remand should be granted.

---

[5] Although Dolgencorp contends that Lewis is a candidate for possible surgical procedures in the future, the Court has not been presented with any competent medical evidence to substantiate that assertion.  The only surgical procedure that Lewis discussed during her deposition was the carpel tunnel release procedure, which she decided not to undergo since her physicians were not even sure she had carpel tunnel syndrome.

[6] At the conclusion of Dolgencorp's opposition, it indicates that it has attached two recent, unpublished decisions out of the Eastern District of Louisiana, which are "identical" to the present case and which purportedly require that remand be denied.  However, those decisions, like Lewis' deposition testimony, were not attached to the opposition for the Court's review.  Furthermore, those cases apparently involve the denial of remand where the plaintiff filed a post-removal stipulation attempting to reduce the amount in controversy below the federal jurisdictional minimum, which has not occurred in the present case.

**RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 6) filed by plaintiff, Antoinette A. Lewis, should be **GRANTED** and that this matter be remanded to the 18th Judicial District Court, Parish of Pointe Coupee, for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, May 7, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**