# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANTOINETTE A. LEWIS**                                                           **CIVIL ACTION**

**VERSUS**

**DOLGENCORP, INC., known as**                                                    **NO. 08-160-B-M2**
**New Roads Dollar General Store 2685**
**also known as Dollar General Corp.**
**and XYZ INSURANCE COMPANY**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 23, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ANTOINETTE A. LEWIS**                                                         **CIVIL ACTION**

**VERSUS**

**DOLGENCORP, INC., known as**                                       **NO. 08-160-B-M2**
**New Roads Dollar General Store 2685**
**also known as Dollar General Corp.**
**and XYZ INSURANCE COMPANY**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court a second time on the Motion to Remand (R. Doc. 6) filed by plaintiff, Antoinette A. Lewis ("Lewis"), pursuant to the June 24, 2008 Order (R. Doc. 16) of the district judge referring the remand motion back to the undersigned for further consideration because the defendant, Dolgencorp, Inc. ("Dolgencorp"), submitted, with its objections to the undersigned's prior report and recommendation, a copy of the deposition transcript of the plaintiff which was not made available at the time of the undersigned's original report.[1]

## FACTS & PROCEDURAL BACKGROUND

On February 28, 2008, Lewis filed this suit in the 18th Judicial District Court, Parish of Pointe Coupee, alleging that, on March 5, 2007, she sustained injuries when she slipped and fell over a "concentration of objects," including a bottle of glue, situated in the center of an aisle of the New Roads Dollar General Store in Pointe Coupee Parish. As a result of the incident, Lewis contends that she sustained the following injuries and damages: (1) physical pain and suffering, past and future; (2) medical expenses, past and future; (3)

---

[1] A copy of the undersigned's original report and recommendation dated May 7, 2008 (R. Doc. 9), is attached hereto for ease of reference.

1

mental anguish and distress, past and future; (4) loss of enjoyment of life; and (5) loss of wages, past and future.

On March 17, 2008, Dolgencorp removed Lewis' action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §§1441 and 1447. Lewis then filed the motion to remand at issue in this report, seeking to have this matter remanded to state court on the ground that, in removing the case, Dolgencorp merely relied upon plaintiff's failure to stipulate in her state court petition that her claims are worth less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893, which is insufficient to establish diversity jurisdiction, and because Dolgencorp has not produced any evidence demonstrating that plaintiff's damages are likely to exceed $75,000.00, exclusive of interest and costs.

Dolgencorp filed an opposition to Lewis' motion, wherein it argued that, based upon Lewis' deposition testimony concerning her injuries and treatment, the amount in controversy in this matter is above the jurisdictional amount required for federal jurisdiction to attach. Dolgencorp, however, failed to attach a copy of Lewis' deposition transcript for the undersigned's review. In the initial report and recommendation concerning Lewis' remand motion issued by the undersigned on May 7, 2008, it was determined that it was not "facially apparent" from the allegations in Lewis' petition that her damages are likely to exceed $75,000.00, exclusive of interest and costs, as the list of damages contained in the petition simply provides the usual and customary damages set forth by personal injury plaintiffs and does not provide the Court with any guidance as to the actual monetary amount of damages Lewis has or will incur in this matter. Furthermore, Lewis did not pray for a state court jury trial in her petition so it is not even clear to the Court, based upon her

allegations, that her damages will exceed the minimum amount required for a state court jury trial, $50,000.00.

The undersigned therefore proceeded to determine, in the initial report, whether Dolgencorp had met its burden of proving, through summary judgment-type evidence, that the requisite amount is in controversy in this matter for purposes of diversity jurisdiction. The undersigned found that, although Dolgencorp discussed Lewis' deposition testimony concerning her injuries and medical treatment in its opposition, its failure to timely attach that summary judgment evidence to its opposition for the Court's review was fatal to its position. The undersigned further determined that, even if it were to assume that Dolgencorp had timely supplemented the record with a copy of Lewis' deposition testimony and that such testimony was consistent with the representations Dolgencorp made in its opposition, that testimony would nevertheless be insufficient to sustain Dolgencorp's burden of proving that the jurisdictional minimum is in controversy in this matter. Specifically, the undersigned found that, while Dolgencorp had certainly established Lewis' contentions as to the nature of her injuries, it had failed to come forward with any competent medical evidence substantiating those contentions and any Louisiana jurisprudence indicating that plaintiffs with the same or similar injuries to that of Lewis had been awarded in excess of $75,000.00 in damages. The undersigned also explained that, while Dolgencorp asserted in its opposition that plaintiff's allegations of past, present, and future medical expenses and lost wages, along with her other alleged damages, was sufficient to establish that the jurisdictional amount is satisfied, it failed to provide any evidence whatsoever demonstrating the total amount of plaintiff's medical expenses to date or any indication as to the potential amount of her future medical expenses and lost wage

claims.[2]  The undersigned specifically noted that, without such information, it could not conclude that the amount of plaintiff's damages is likely to exceed the jurisdictional minimum.

After the initial report and recommendation was issued, Dolgencorp filed a memorandum in opposition to that report and a motion for leave to file a supplement to its opposition to the report, through which it sought to submit a copy of Lewis' deposition transcript for the Court's review.  That motion for leave was granted, and the district judge then remanded the matter back to the undersigned for its present consideration.

## **LAW & ANALYSIS**

As explained in the undersigned's prior report, under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy:  (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[3]  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed

---

[2] The undersigned noted that, although Dolgencorp contends that Lewis is a candidate for possible surgical procedures in the future, the Court had not been presented with any competent medical evidence to substantiate that assertion.  The only surgical procedure that Lewis discussed during her deposition was a carpel tunnel release procedure, which she decided not to undergo since her physicians were not even sure she had carpel tunnel syndrome.

[3] It is undisputed that the parties in this matter are citizens of different states; thus, the only issue herein is whether the requisite amount is in controversy for purposes of diversity jurisdiction.

$75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000). Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by: (1) showing state procedural rules binding the plaintiff to his/her pleadings;[4] or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

As discussed above, the undersigned previously considered the allegations in Lewis' petition and determined that it is not "facially apparent" that her damages are likely to exceed the jurisdictional minimum. The undersigned still agrees with that conclusion and finds no reason to reconsider it. Accordingly, the sole purpose of this report is to determine

---

[4] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

whether Dolgencorp has met its burden of proving that $75,000.00, exclusive of interest and costs, is in controversy in this matter based upon the deposition testimony of Lewis, which has now been submitted for the Court's review. The undersigned has read Lewis' deposition testimony and finds that her testimony is consistent with the representations Dolgencorp made in its initial opposition to Lewis' remand motion. Specifically, Lewis testified that she injured her right wrist and right lower back as a result of the accident in question. She testified that, on the day following the incident, she went to the emergency room at Pointe Coupee General Hospital. She underwent wrist x-rays, and no fractures were identified. She was diagnosed with a severe wrist sprain. Her wrist was splinted, and she was told to use a heating pad for her back pain.

Lewis also testified that she subsequently went to the Pointe Coupee General Hospital emergency room a second time. During that visit, her wrist was x-rayed, and she was again diagnosed with a wrist sprain. Her splint was removed, and her wrist was wrapped in an ace bandage. Lewis then saw a chiropractor, Dr. Latresia Broussard, within one to two months following the incident, because her wrist and back were still causing her pain. Dr. Broussard performed spinal manipulations and applied heat to Lewis' back and used laser treatment on her wrist. Lewis recalled Dr. Broussard telling her that she should have an MRI performed on her wrist; however, Lewis indicated she could not afford the MRI at the time because she did not have insurance. Lewis testified that she saw Dr. Broussard one more time shortly before she moved back to New Orleans in May 2007. At that time, Lewis' back pain had lessened, but she felt a sensation "like something [was] crawling under [her] skin." She still had motion problems and pain in her wrist.

According to Lewis, her next treatment occurred in late October or early November

2007 at the University Hospital emergency room (a state-run charity facility) in New Orleans, at which time she was referred to the hospital's orthopedic clinic. During her first visit at the University orthopedic clinic in December 2007, Lewis underwent further x-rays. She contends that she was told by the orthopedist, during that first visit, that her x-rays revealed a possible healed break in the wrist and that the break had healed in such a way that bone was up against a tendon, causing her radiating pain. Lewis was placed in a half cast for the wrist, which she believes she wore until early January 2008. She testified that she removed the cast herself because none of the physicians were at the clinic when she presented to have the cast removed.

Lewis testified that she went back to the University orthopedic clinic for a second visit at the end of January 2008, at which time she saw a different orthopedic specialist than during her first visit. She indicated that, at the time of that second visit, her wrist was feeling "better," but her grip and range of motion were not the same. Additional x-rays were performed, but she claims the physician "could not see anything" and did not see evidence of any kind of healed fracture. The second orthopedist opined that Lewis' problems could be attributable to carpel tunnel syndrome and offered her the option of a carpel tunnel release procedure.

Per Lewis' testimony, she returned to the University orthopedic clinic a third time and saw a different specialist than she had seen during her first two visits. She testified that the third orthopedist simply looked at the notes from her second visit and asked her if she had made a decision as to whether or not she wanted to undergo the carpel tunnel release procedure, to which Lewis responded that she did not. Lewis indicated that she had one more appointment scheduled at the University orthopedic clinic for April 9, 2008; however,

she did not go back for that visit. She stated that she is waiting to qualify for health insurance through her current employer, which was likely to occur in June 2008, and after she qualifies, she plans to go to a private orthopedic specialist to find out what is wrong with her wrist.

During her deposition, Lewis described the symptoms relating to her wrist as a "jabbing type" pain that is "like pins stabbing," which extends from the base of her thumb down her arm approximately four to five inches.  Such pain is continuing and causes her to have difficulty gripping or lifting anything of substantial weight with her right hand.  As to her lower back, Lewis testified that she still has occasional muscle spasms and "tingling" in her back, which occur mostly when she stands or sits for a long time without alternating. She does not have radicular back symptoms however.

Despite the undersigned's discussion in its initial report, Dolgencorp has not presented the Court with any medical records substantiating Lewis' contentions concerning her medical condition and treatment, nor has it cited to any jurisprudence involving plaintiffs with the same or similar injuries to that of Lewis (*i.e.*, a wrist sprain and what appears to be a soft tissue injury to the lower back, with approximately a year of treatment and residual pain), who received damage awards in excess of $75,000.00.[5]  Dolgencorp has also failed

---

[5] As the undersigned explained in its initial report, the only jurisprudence to which Dolgencorp refers in its opposition is two unpublished decisions of the Eastern District of Louisiana, which it failed to attach to its initial opposition and which have now been submitted with its supplement to its objections to the undersigned's report.  However, those cases do not relate to plaintiffs with similar injuries to that of Lewis (one case involves a plaintiff with injuries to the cervical spine and loose teeth and another plaintiff who experienced complications with her pregnancy as well as back problems, a hole in her water bag which grew as the pregnancy continued causing her to deliver before term, injuries to her left leg, migraine headaches and lower back pain, and the other case involves a plaintiff who alleged "serious, progressive and disabling" injuries,

to provide the Court with any information concerning Lewis' medical expenses to date and regarding the potential amount of her future medical expenses and lost wage claims, information which could easily be obtained by Dolgencorp through discovery requests. Lewis' deposition testimony alone does not provide sufficient guidance concerning the monetary amount of her claims such that the undersigned can conclude that Dolgencorp has carried its burden of proving, *by a preponderance of the evidence*, that the amount in controversy in this matter exceeds $75,000.00.

Moreover, the undersigned's independent review of Louisiana jurisprudence involving plaintiffs with the same or similar injuries to that of Lewis indicates that, based solely upon the information provided during Lewis' deposition concerning the nature and extent of her injuries, the minimum federal jurisdictional amount is not likely to be satisfied in this case. *See, Stewart v. Winn Dixie La., Inc.*, 96-599 (La. App. 5 Cir. 12/11/96), 686 So.2d 907 ($30,000 awarded for injuries to wrist and lower back due to slip and fall; Wrist surgery performed; Left wrist immobile; 45% disability to right wrist); *In re Crescent Ship Service, Inc.*, 2005 WL 221562 (E.D.La. 2005)($9,000 in general damages and $5,722.04 in medical specials awarded to plaintiff who sustained an acute lumbar strain with muscle spasms, which lingered for a year, and a probable right wrist sprain); *Violin v. Henry,* 04-294 (La. App. 5 Cir. 10/26/04), 888 So.2d 265 ($6,000 in general damages awarded to

---

including a spinal injury, which caused headaches, dizziness, blurred vision in the left eye, a cervical spine strain, and general bruises and contusions about her body) and instead involve the denial of remand in cases where it was facially apparent from the petitions that the plaintiffs' damages were likely to exceed the jurisdictional minimum and the plaintiff filed a post-removal stipulation attempting to reduce the amount in controversy below the federal jurisdictional minimum, neither of which has occurred in the present case.

9

injured motorist who sought chiropractic treatment for neck and arm pain and lower back pain; daily activities restricted due to accident; possibility of permanent injuries); *McAllister v. Champion Ins. Co.*, 602 So.2d 314 (La. App. 1 Cir. 1992)($8,500 in general damages awarded for plaintiff with eight month wrist sprain; Two month soft tissue neck/back aggravation; wrist pain at trial); *Wheelis v. CGU Ins.*, 35,230 (La. App. 2 Cir. 12/7/01), 803 So.2d 365 ($25,000 awarded for fractured wrist and carpel tunnel requiring surgery; pain and suffering from injury for over a year); *Carter v. Brookshire Grocery Co.*, 29166 (La. App. 2 Cir. 1997), 690 So.2d 933 (Grocery store customer who suffered soft tissue injuries to hip, shoulder, wrist, and neck after fall was awarded $25,000; Injuries were not severe or disabling); *Spivey v. Super Value*, 575 So.2d 876 (La. App. 2 Cir. 1991)($10,000 awarded to plaintiff with sprain to wrist and mild concussion); *Bergeron v. Wal-Mart Stores, Inc.*, 617 So.2d 179 (La. App. 3 Cir. 1993)($30,000 awarded for fractured wrist, cast for three weeks, and arthritis, with surgery suggested); *Nugent v. Continental Cas. Co.*, 634 So.2d 406 (La. App. 3 Cir. 1994)(Carpel tunnel release, cervical and lumbar bulging/herniated disc, complaints of pain and restrictions of activity for three years up to trial – $40,000 awarded); *Williams v. Williams*, 99-2156 (La. App. 4 Cir. 11/8/00), 774 So.2d 296 (Questionable carpel tunnel diagnosis with surgery; Soft tissue neck and back injury; Material differences in medical testing and diagnoses – $30,000 awarded).[6]

---

[6] *See also, Calcagno v. Gonzales*, 99-287 (La. App. 5 Cir. 10/13/99), 802 So.2d 643 ($5,000 in general damages awarded to plaintiff for wrist injury with residual pain; wrist was stiff approximately nine months post-accident; $15,000 was awarded for residual pain and suffering); *Duckett v. K-Mart Corp.*, 92-385 (La. App. 5 Cir. 2/15/95), 650 So.2d 414 ($8,500 awarded to plaintiff with wrist strain resulting from slip and fall; complaints for more than two years; surgery recommended; $1,540 in medical specials awarded); *Adamas v. Greenhill Petroleum Corp.*, 631 So.2d 1231 (La. App. 5 Cir. 1994)($6,000 in general damages awarded to plaintiff with hand and wrist injury; no

As indicated by the cited jurisprudence, the fact that Lewis alleges injuries which are

---

other details given regarding injury; Medical specials award was $2,800); *Daugherty v. Cas. Reciprocal Exch. Ins.*, 522 So.2d 1323 (La. App. 2 Cir. 1988)(Compound fractures of wrist/forearm, eight surgeries plus grafts, metal plate and pins – $35,000 awarded); *Gage v. Potts*, 941452 (La. App. 1 Cir. 4/7/95), 653 So.2d 1183 ($15,000 awarded to plaintiff diagnosed with cervical and lumbar strain and abdominal contusions with one year of treatment, including an MRI, conservative treatment, physical therapy and chiropractic care); *In re Crescent Ship Service, Inc.*, 2005 WL 221562 (E.D. La. 2005)($7,000 in general damages and $3,592 in medical specials awarded to plaintiff who received nine months of treatment for back muscle spasms); *Aycock v. Jenkins Tile Co.*, 96 2348, 96 2349 (La. App. 1 Cir. 11/7/97), 703 So.2d 117 ($4,000 awarded to plaintiff who sustained a lumbar sprain and bulging disc; the length of treatment is unclear, but at the time of trial, the plaintiff was experiencing only occasional back pain); *Marie v. John Deer Ins. Co.*, 96 1288 (La. App. 1 Cir. 3/27/97), 691 So.2d 1327 ($8,500 awarded to plaintiff with cervical and lumbar sprain; approximately ten months of treatment with a chiropractor/physical therapist, with majority of treatment occurring during first 4 to 5 months post-accident; occasional neck/low back pain at time of trial); *Rebstock v. Cheramie*, 95 1388 (La. App. 1 Cir. 2/23/96), 673 So.2d 618 ($6,000 awarded for six to seven months of treatment for a cervical/lumbar strain; possibility of permanent injuries and residual pain); *Vines v. Wood*, 34,555 (La. App. 2 Cir. 4/4/01), 785 So.2d 126 ($7,500 awarded for soft tissue lumbar injury in excess of two years; stenosis; injections); *Marshall v. Caddo Parish School Board*, 32, 373 (La. App. 2 Cir. 10/29/99), 743 So.2d 943 ($6,000 awarded for two months of chiropractic treatment for a lumbar sprain/strain with residual pain); *Bourque v. Allstate Ins. Co.*, 99-1260 (La. App. 3 Cir. 3/22/00), 760 So.2d 411 ($6,000 awarded for soft tissue injuries to cervical and lower back for one and a half years; Conservative treatment; Substantial recovery); *Dumas v. Harry*, 638 So.2d 283 (La. App. 5 Cir. 1994)($6,000 awarded for soft tissue injury with severely restricted activity for a year; pain through trial); *Quirk v. Board of Supervisors of LSU*, 629 So.2d 1345 (La. App. 4 Cir. 1993)($17,500 awarded for soft tissue injury which healed over one and a half years; complaints of pain at trial); *Chatelain v. Circle K Corp.*, 94 0227 (La. App. 4 Cir. 10/31/94), 644 So.2d 1079 ($8,000 awarded for soft tissue injury to back; daily pain through trial over two years later); *Arceneaux v. Wallis*, 94-2016 (La. App. 4 Cir. 4/26/95), 654 So.2d 1117 ($12,000 awarded for soft tissue injury lasting over one year; treatment with general practitioner and chiropractor); *Lewis v. Maritime Overseas Corp.*, 98-0437 (La. App. 4 Cir. 11/10/98), 723 So.2d 1001 ($9,000 awarded for soft tissue injuries to back, right shoulder, and knee after fall; Eight months of treatment); *Ashby v. Anheuser-Busch, Inc.*, 98-0350 (La. App. 4 Cir. 9/23/98), 719 So.2d 601($9,000 awarded for thirteen months of treatment for soft tissue injuries to cervical spine, trapezius muscle and lumbosacral region); *Washington v. Daste*, 97-2744 (La. App. 4 Cir. 6/127/98), 749 So.2d 1 ($8,439 total damage award for eight month lumbar strain with spasm); *Boyd v. Allstate Ins. Co.*, 640 So.2d 603 (La. App. 3 Cir. 1994)($15,000 awarded for 1 ½ years soft tissue lumbar strain).

continuing over a year since the accident is not alone indicative that the amount of her claimed damages is likely to exceed the jurisdictional minimum.  Furthermore, the cases where damage awards have been at or near the jurisdictional minimum involve more serious injuries and more extensive treatment than that described by Lewis in her deposition.  *See, Treadway v. Shoney's Inc.*, 633 So.2d 841 (La. App. 4 Cir. 1994)($62,500 in general damages and $40,000 in future medicals awarded to plaintiff with severe wrist fracture that required two surgeries, arthritis, and residual pain and who could not drive for over a year due to the injury); *Boudreax v. Schwegmann Giant Supermarket,* 585 So.2d 583 (La. App. 4 Cir. 1991)($75,000 awarded to a plaintiff who suffered a comminuted wrist fracture and carpal tunnel syndrome, requiring two surgeries as well as a possible wrist replacement surgery); *Jarreau v. Orleans Parish School Board*, 600 So.2d 1389 (La. App. 4 Cir. 1992)($50,000 awarded to plaintiff who sustained a fractured wrist, underwent two surgeries, and experienced some permanent limitation; medical expenses award was $12,000).  Without additional evidence demonstrating that Lewis' injuries are at least as severe as the plaintiffs in the above cases and that her condition will require surgery, the Court cannot find that the damage award in this case is likely to exceed $75,000.00.  *See, Parker v. Millar Elevator Services Co.*, 2000 WL 64289 (E.D. La. 2000)(Case was remanded where defendants failed to prove, by a preponderance of the evidence, that the plaintiff's claims exceeded the jurisdictional amount.  The court's independent research revealed several cases involving injuries similar to the plaintiff's in which the courts awarded damages substantially below the $75,000 minimum).  Finally, as noted above, the Court has absolutely no information concerning Lewis' medical expense and wage loss claims and therefore cannot find that those claims will bring Lewis' total damage award

above the $75,000.00 threshold.  Accordingly, even after considering the information provided in Lewis' deposition testimony, the Court finds that Lewis' motion to remand should nevertheless be granted because Dolgencorp has not demonstrated that the requisite minimum amount is in controversy in this matter for purposes of diversity jurisdiction.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 6) filed by plaintiff, Antoinette A. Lewis, be **GRANTED**, and that this matter be **REMANDED** to the 18th Judicial District Court, Parish of Pointe Coupee, for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, July 23, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**