UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTOINETTE A. LEWIS

VERSUS

DOLGENCORP, INC.

CIVIL ACTION

NUMBER 08-160-FJP-CN

## RULING

For reasons set forth in the reports and recommendations of the magistrate judge,[1] and for the additional reasons set forth herein, plaintiff's motion to remand[2] is granted with conditions. The defendant has filed an objection to the magistrate judge's report.[3]

The issue before the Court on this objection is whether the plaintiff's petition satisfies the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332 at the time of removal. The plaintiff has not stipulated that the damages exceed $75,000 as required under La. Code Civ. Proc. Art. 893(A)(1). The parties now dispute the amount of damages the plaintiff allegedly incurred.

The Fifth Circuit has established a clear analytical framework

---

[1] Rec. Doc. Nos. 9 and 20.

[2] Rec. Doc. No. 6.

[3] Rec. Doc. No. 21.

Doc#45604

for resolving disputes concerning the amount in controversy.[4]  In a situation where the plaintiff does not specify the numerical value of the damages as in the instant case, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."[5]  If the defendant meets this burden, then the plaintiff must show to a legal certainty that the claim is really for less than the jurisdictional amount.[6]

Magistrate Judge Noland issued a report and recommendation on July 23, 2008.[7]  The report concluded that the state court petition failed to provide the Court with any guidance as to the actual monetary amount of damages Lewis has or will incur in this matter.  The amount in controversy was not facially apparent from the state court petition that the damages exceeded $75,000.  Therefore, the

---

[4]*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). *Smith v. Wal-Mart Stores, Inc.*, 1995 WL 716773 (E.D. La. Dec. 4, 1999).

[5]*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[6]*De Aguilar v. Boeing Co.,* 47 F.3d 1404 *(*5th Cir. 1995).

[7]Rec. Doc. No. 20.

Court can rely on "summary judgment-type" evidence relevant to the amount in controversy to determine if the jurisdictional amount is present. The magistrate judge's report found that the only evidence regarding the amount in controversy was Lewis' deposition testimony in which she described the nature of her injuries. However, there was no evidence demonstrating the total amount of plaintiff's medical expenses or any indication as to the potential amount of her future medical expenses.

The defendant objected to the magistrate judge's report and submitted two cases from the Eastern District of Louisiana in support of its opposition to the magistrate judge's report.[8] The defendant argues that these cases involve an identical situation to the instant case. In both cases, the court found that the damages exceeded $75,000. After carefully reviewing these cases, the Court finds that they fail to rebut the recommendation in the magistrate judge's report for the reasons set forth below and for reasons set forth in the magistrate judge's report and recommendation.

Defendant relies on *Martin v. Turner*.[9] The facts of this case involved more severe injuries than the plaintiff allegedly incurred in the instant case. The petition in *Martin*[10] states that Martin

---

[8] Rec. Doc. No. 21.

[9] *Kenneth Marth, et al v. Glenn D. Turner, et al*, No. 01-3411, Section K, Minute Entry, E.D. La. Jan. 16, 2003.

[10] *Id.*

and his pregnant wife were involved in an auto accident with the defendant. The injuries to the plaintiffs included: spinal injuries, a hole in the water bag causing pre-mature birth, and lower back pain. The child which was born prematurely also has a heart murmur and is behind developmentally. The *Martin* court correctly denied the motion to remand based on the fact that it was facially apparent from the petition that the damages exceeded $75,000. In the case now pending before the Court, the plaintiff sustained injury to her wrist and soft tissue of her back. The back pain appears to have gotten better, and the wrist has minimal pain. It is also uncertain if the plaintiff's pain was caused by carpel tunnel syndrome and whether surgery will be required in the future. The petition in the instant case does not clearly indicate that the damages exceeded $75,000.

The court in *Nelson v. Family Dollar Stores of Louisiana, Inc.*[11] upheld *Robinson v. Delchamps*,[12] which held that "the plaintiff met the amount in controversy by alleging nine different types of damages including past and future medical expenses." The defendant in the instant case argues that the mere allegation of past and future damages is on its own sufficient to show that the amount in controversy exceeds $75,000.

It is clear that the court in *Robinson* did not rely solely

---

[11] 2005 WL 517504 (E.D. La. Feb. 18, 2005).

[12] 1998 WL 352131, at *1 (E.D. La. June 30, 1998).

upon the blanket statement of past and future medical expenses set forth in the petition to determine the actual amount of damages. The court used summary judgment type evidence to find that the jurisdictional amount had been met.  The *Robinson* court stated: "The medical expenses listed in plaintiff's supplemental memorandum indicate that plaintiff has already made numerous physician visits in less than six months of treatment.  There is no indication when plaintiff's treatment may end."[13]  The defendant has failed to submit to this Court such medical evidence in the instant case to support its claim that the jurisdictional amount is present in this case.

Therefore, the Court finds the defendant has failed to prove by a preponderance of the evidence that plaintiff's proposed damages exceed $75,000.  The Court also finds that injuries in this case are not severe enough to support a finding that it is facially apparent that the damages will exceed $75,000.  In addition, the Court finds that there is no summary judgment type evidence which would support a finding that the defendant has proven that the jurisdictional amount required under 28 U.S.C. 1332 is present under the facts of this case.

In remanding this case, the Court has based its findings on representations made by counsel for the plaintiff.  On remand, the plaintiff shall be barred from seeking or accepting any judgment in

---

[13] *Id.*, at *2.

excess of $75,000 plus interest and costs. Any attempt by plaintiff or her counsel to seek or accept any amount in excess of $75,000 shall result in sanctions to be imposed by this Court, including refunding any amount awarded in excess of $75,000 plus interest and costs and suspension from the bar of the Middle District of Louisiana.

Therefore, the Court adopts the report and recommendation of the magistrate judge. The plaintiff's motion to remand is granted, and the Court hereby remands this case to the Eighteenth Judicial District Court pursuant to 28 U.S.C. § 1447(c).

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, November 12, 2008.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA